UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- X
PETER MIUZZO, on behalf of himself and all others similarly situated,

                                Plaintiff,

- against -

RESIDENTIAL FENCES CORP. and LASER INDUSTRIES INC.,

                                Defendants.
------------------------------------------------------------------------- X

Case No. 18 Civ. 2901

CLASS AND COLLECTIVE
ACTION COMPLAINT

Plaintiff Peter Miuzzo, on behalf of himself and all others similarly situated, through his attorneys Shulman Kessler LLP, complaining of Defendants Residential Fences Corp. and Laser Industries Inc. (collectively, "Defendants"), allege as follows:

## INTRODUCTION

1. This is a class action brought on behalf of current and former employees of Defendants. Plaintiff brings this action to seek redress against Defendants for class-wide unpaid overtime and prevailing wages, in connection with Defendants' business.

2. Through their practice of refusing to pay employees at the proper prevailing wage rate, Defendants violated the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201, *et seq.*, the New York Labor Law ("NYLL" or "N.Y. Lab. Law"), and other appropriate rules, regulations, statutes, and ordinances.

3. Plaintiff also seeks to recover wages and benefits which Plaintiff and members of the putative class were statutorily and contractually entitled to receive in connection with Defendants' various public works contracts for work they performed for various government properties of the State of New York or its agencies or departments ("Government Entities"). The

contracts that covered the work and services to be performed are referred to throughout as the "Public Works Contracts".

## JURISDICTION & VENUE

4. Jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 201, *et seq.*, 28 U.S.C. §§ 1331 and 1337 and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

5. This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

6. Defendants are authorized to do business in New York State and do business in Nassau and Suffolk Counties.

7. Accordingly, this action properly lies in the Eastern District of New York, pursuant to 28 U.S.C. § 1391.

## THE PARTIES

*Plaintiff Peter Miuzzo*

8. Plaintiff Peter Miuzzo is an individual who resides in Mineola, New York.

9. At all times relevant to the Complaint, Peter Miuzzo was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law § 190(2).

10. At all times relevant, Peter Miuzzo was employed by Defendants as a Laborer (Heavy & Highway).

*Defendant Residential Fences Corp.*

11. Upon information and belief, Residential Fences Corp. was and still is a domestic corporation, authorized to do business pursuant to the laws of the State of New York.

12. Upon information and belief, Residential Fences Corp.'s principal place of business is located at 17715 Route 25, Ridge, NY 11961.

13. Upon information and belief, Residential Fences Corp. is in the commercial and residential fence installation business.

14. At all times hereinafter mentioned, Residential Fences Corp. was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

15. At all times hereinafter mentioned, the activities of Residential Fences Corp. constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

16. Upon information and belief, Residential Fences Corp. maintains control, oversight, and direction over its operations and employment practices.

17. At all times hereinafter mentioned, Residential Fences Corp. employed employees, including Plaintiff, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s).

18. Residential Fences Corp.'s annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

***Defendant Laser Industries, Inc.***

19. Upon information and belief, Laser Industries, Inc. was and still is a domestic corporation, authorized to do business pursuant to the laws of the State of New York.

20. Upon information and belief, Laser Industries, Inc.'s principal place of business is located at 17715 Route 25, Ridge, NY 11961.

21. Upon information and belief, Laser Industries, Inc. does business is in the civil and site construction business.

22. At all times hereinafter mentioned, Laser Industries, Inc. was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

23. At all times hereinafter mentioned, the activities of Laser Industries, Inc. constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

24. Upon information and belief, Laser Industries, Inc. maintains control, oversight, and direction over its operations and employment practices.

25. At all times hereinafter mentioned, Laser Industries, Inc. employed employees, including Plaintiff, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s).

26. Laser Industries, Inc.'s annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

*Defendants*

27. Defendants constitute a unified operation.

28. Defendants constitute a common enterprise.

29. Defendants have interrelated operations.

30. Defendants have common management.

31. Defendants have a centralized control of labor relations.

32. Defendants have common ownership.

33. Defendants share employees, such as Plaintiff.

34. Defendants commingled funds with each other.

35. Defendants share the same physical addresses in the State of New York.

36. Defendants constitute a single employer.

37. Defendants constitute an integrated enterprise.

38. Defendants maintain the same office address: 1775 Route 25, Ridge, New York 11961.

39. Defendants utilize the same mailing address: P.O. Box 315, Ridge, New York 11961.

40. Defendants maintain the same office hours: Monday – Friday: 7:00 am – 5:00 pm, Saturday: 8:00 am – 4:00 pm.

41. Defendants use the same fax number: (631) 924-3275.

42. Defendants use the same phone number: (631) 924-0311.

43. Defendants websites are linked to one another.

44. Defendants both hold John Gulino as the Chief Executive Officer with the New York State Department of State, Division of Corporations.

45. Defendants both hold out the following addresses as the Principal Executive Office with the New York State Department of State, Division of Corporations: 1775 Route 25, Ridge, New York 11961.

46. At all relevant times, Defendants maintain control, oversight, and direction over Plaintiff and other employees, including timekeeping, payroll and other employment practices that applied to them.

47. At all times hereinafter mentioned, Defendants individually and collectively were and still are "employers" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

48. At all times hereinafter mentioned, the activities of Defendants constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

49. At all times hereinafter mentioned, Defendants employed employees, including Plaintiff, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s).

50. Defendants collective annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

## FLSA COLLECTIVE ACTION CLAIMS

51. Plaintiff brings the First Cause of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of himself and all similarly situated persons who work or have worked for Defendants as Laborers within the last three years and who elect to opt-in to this action.

52. Upon information and belief, there are approximately more than 350 current and former Laborers that are similarly situated to Plaintiff who were denied overtime compensation at the proper rate.

53. Plaintiff represents other Laborers and is acting on behalf of Defendants' current and former Laborers' interests as well as his own interests in bringing this action.

54. Defendants unlawfully required Plaintiff and all individuals employed as Laborers to work in excess of 40 hours per week without paying them overtime compensation at a rate of at least one and one-half times their regular hourly rate, which was set by the applicable schedule of prevailing rates of wages and supplemental benefits ("Prevailing Wage Schedule").

55. Plaintiff seeks to proceed as a collective action with regard to the First Cause of Action, pursuant to 29 U.S.C. § 216(b) on behalf of themselves and the following class of persons:

> All Laborers who worked over 40 hours in a workweek while employed by Defendants at any time between the three years prior to the filing of their respective consent forms and June 2017 (the "FLSA Collective").

56. Defendants was aware or should have been aware that the law required it to pay non-exempt employees, including Plaintiff and the FLSA Collective, an overtime premium of one and one times their regular rate of pay – as set by the Prevailing Wage Schedule – for all work-hours Defendants suffered or permitted them to work in excess of 40 per workweek. Upon information and belief, Defendants applied the same unlawful policies and practices to their roofing technicians throughout the State of New York.

57. The FLSA Collective is readily identifiable and locatable through the use of Defendants' records. The FLSA Collective should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, the FLSA Collective, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendants.

## FEDERAL RULE OF CIVIL PROCEDURE RULE 23
## NEW YORK CLASS ALLEGATIONS

58. Plaintiff brings the Second and Third Causes of Action on his behalf and as a class action, pursuant to Fed R. Civ. P. 23(a) and (b), on behalf of the following class of persons:

> All Laborers who worked over 40 hours in a workweek while employed by Defendants at any time between the six years prior to the filing of this and June 2017 (the "Class").

59. The persons in the Class are so numerous that joinder of all members is impracticable. Although, the precise number of such persons is unknown, and facts on which the calculation of that number can be based are presently within the sole control of Defendants.

60. Upon information and belief, the size of the Class is at least 350 individuals.

61. The Second and Third Causes of Action are properly maintainable as a class action under Fed. R. Civ. Pro. 23(b)(3). There are questions of law and fact common to the Class that predominate over any questions solely affecting individual members of the Class, including but not limited to:

> a. whether Defendants failed to pay proper compensation to the Class Representative and the Class for all work hours in excess of 40 per workweek in violation of and within the meaning of the N.Y. Lab. Law § 190, *et seq.* and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;
>
> b. whether Defendants failed to pay proper compensation to the Class Representative and the Class for all non-overtime work-hours in breach of the Public Work Contracts;
>
> c. the nature and extent of Class-wide injury and the appropriate measure of damages sustained by the Class Representative and the Class;
>
> d. whether Defendants acted willfully or with reckless disregarding in their failure to pay the Class Representative and the Class; and
>
> e. the nature and extent of class-wide injury and the measure of damages for those injuries.

62. The Class Representative fairly and adequately protect the interests of the Class and have no interests antagonistic to the class. The named Plaintiff is represented by attorneys who are experienced and competent in both class litigation and employment litigation.

63. Further, the Class Representative and the Class have been equally affected by Defendants' failure to pay proper wages. Moreover, members of the Class still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

64. Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

65. Plaintiff's claims are typical of those of the Class. Plaintiff and the other Class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning the failure to pay proper wages and the failure to keep adequate records. Plaintiff's job duties are typical of those of the class members.

66. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

## **CLASS-WIDE FACTUAL ALLEGATIONS**

67. Plaintiff and the members of the FLSA Collective and Class (collectively, "Class Members") are victims of Defendants' common policy and plan that violated their rights under the FLSA by paying Laborers overtime at a rate less than the one and one-half times the regular rate established in the applicable prevailing rate schedules. At all times relevant, Defendants' unlawful policy and pattern or practice has been willful.

68. Plaintiff and Class Members laborer for Defendants – e.g., digs holes, clears land, lays pipe, mixes concrete, rakes asphalt, tamps asphalt, and performs fence-installation duties – for the companies' customers, in particular public entities, in New York.

69. Plaintiff and Class Members were victims of Defendants' common policy and plan to pay Plaintiff less than the statutorily and contractually required wages and benefits for work performed on or in connection with Public Work Contracts.

70. Plaintiff and Class Members performed work for Government Entities, which were Defendants' customers located in New York, pursuant to Public Work Contracts.

71. Upon information and belief, the Defendants entered into a number of contracts to *inter alia* perform roadway repairs and lay new roads and parking lots for various public and privately financed projects in the states of New York.

72. Upon information and belief and pursuant to NYLL § 220, each of the Public Works Contracts for work to be performed in New York contained provisions specifying the prevailing wage rate to be paid to all workmen shall not be less than the "prevailing rate of wages," and further mandating the payment of these rates of wages to Plaintiff and Class Members.

73. NYLL § 220 provides that the wages to be paid to laborers, workmen and mechanics upon public work shall not be less than the prevailing rate of wages.

74. The prevailing rate of wage and supplemental benefit is the rate of wage and benefit paid in the locality by virtue of collective bargaining agreements between bona fide labor organizations and employers of the private sector. *See* N.Y. Lab. Law § 220.

75. Upon information and belief, Defendants entered into a number of contracts to perform roofing and other related construction work at various job sites ("Public Works Projects").

76. Upon information and belief, a Prevailing Wage Schedule was annexed to and made a part of each Public Works Contract.

77. This promise to pay and ensure payment of the prevailing wage and supplemental benefit rates in the Public Works Contracts was made for the benefit of all workers furnishing labor on the sites of the Public Works Projects and, as such, the workers furnishing labor on the sites of the Public Works Projects are the beneficiaries of that promise.

78. Upon information and belief, Defendants employed Plaintiff and Class Members to perform work as Laborers and in other job functions related to Defendants' operations.

79. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy that violates the FLSA and/or NYLL. Defendants' policy and pattern or practice includes, but is not limited to:

   a. Willfully failing to pay their employees, including Plaintiff and Class Members, overtime wages at the proper rate for all of the hours that they worked in excess of 40 per workweek;

   b. Willfully failing to pay their employees, including Plaintiff and Class Members, wages at the proper rate for all non-overtime hours at the proper prevailing wage rate; and

   c. Willfully failing to pay their employees, including Plaintiff and Class Members, at the proper prevailing wage rates, including fringe benefits.

80. Defendants were or should have been aware that the FLSA and NYLL required it to pay their Laborers premium overtime pay for all hours worked in excess of 40 per week.

81. Defendants' failure to pay Plaintiff and Class Members overtime wages for their work in excess of 40 hours per week was willful, intentional, and in bad faith.

82. Defendants' were or should have been aware that the NYLL required it to pay their Laborers at the proper rate for all hours worked in up to and including 40 per week.

83. Defendants' failure to pay Plaintiff and Class Members wages for all of their work up to and including 40 hours per week was willful, intentional, and in bad faith.

84. Defendants' unlawful conduct has been widespread, repeated, and consistent.

## **PLAINTIFF'S FACTUAL ALLEGATIONS**

85. Plaintiff Peter Miuzzo is an employee of Defendants, working under their direct supervision.

86. Since July 2009, Miuzzo has been employed as a Laborer.

87. Throughout his employment, Miuzzo has almost exclusively performed work on Public Works Projects for which Defendants did not pay him at the proper prevailing wage rate.

88. For instance, for the week ending May 20, 2015, Defendants paid Miuzzo at the rate of $35.05 an hour. The Prevailing Rate Schedule, however, requires that Laborers (Heavy & Highway) be paid no less than $40.22 an hour.

89. At all times hereinafter mentioned, Miuzzo was required to be paid overtime pay at the statutory rate of one and one-half his regular rate of pay, as required by the Prevailing Rate Schedules, after he had worked 40 hours in a workweek.

90. Throughout his employment, Miuzzo regularly worked over 40 hours a week. Some examples include: Pay Period: 5/14/15 to 5/20/15 – 40.5 hours worked; and Pay Period: 10/13/16 to 10/19/16 – 40.5 hours worked.

91. Defendants failed to compensate Miuzzo at the proper rate for all hours worked in excess of 40 hours per week at the statutory rate of one and one-half his regular rate of pay, as required by the Prevailing Rate Schedules, after he had worked 40 hours in a workweek.

**FIRST CAUSE OF ACTION**
**FLSA – Overtime Wages**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

92. Plaintiff incorporates by reference all preceding allegations.

93. Plaintiff and members of the FLSA Collective are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

94. Defendants employed Plaintiff and members of the FLSA Collective for workweeks longer than 40 hours and willfully failed to compensate Plaintiff at a rate of at least one and one-half times the prevailing-wage rate for all hours over 40, in violation of the requirements of Section 7 of the FLSA, 29 U.S.C. § 207(a)(1).

95. Plaintiff has expressed his consent to make these claims against Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b).

96. Defendants failed to make a good faith effort to comply with the FLSA with respect to compensating Plaintiff and the FLSA Collective.

97. Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

98. As a consequence of the willful underpayment of wages, alleged above, Plaintiff and members of the FLSA Collective incurred damages thereby and Defendants are indebted to

them in the amount of the unpaid overtime compensation, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**NYLL – Unpaid Overtime**
**(Brought on behalf of Plaintiff and the Class)**

99. Plaintiff incorporates by reference all preceding allegations.

100. Defendants employed Plaintiff and members of the Class for workweeks longer than 40 hours and willfully failed to compensate Plaintiff at a rate of at least one and one-half times the prevailing-wage rate for all hours over 40, in violation of the requirements of Section 7 of the NYLL.

101. By the course of conduct set forth above, Defendants violated N.Y. Lab. Law § 650, *et seq.*; 12 N.Y.C.R.R. Part 142-2.2.

102. Defendants had a policy and practice of refusing to pay overtime compensation at the proper rate to Plaintiff and the Class.

103. Defendants' failure to pay overtime compensation at the proper rate to Plaintiff and the Class was willful within the meaning of N.Y. Lab. Law § 663.

104. As a consequence of the willful underpayment of wages, alleged above, Plaintiff and members of the Class incurred damages thereby and Defendants is indebted to them in the amount of the unpaid overtime compensation and such other legal and equitable relief due to Defendants' unlawful and willful conduct, as the Court deems just and proper.

105. Plaintiff, on behalf of himself and the Class, seeks recovery of liquidated damages, attorneys' fees, and costs to be paid by Defendants as provided by the NYLL.

## THIRD CAUSE OF ACTION
### Breach of the Public Works Contracts
**(Brought on behalf of Plaintiff and the Class)**

106. Plaintiff incorporates by reference all preceding allegations.

107. On information and belief, the Public Works Contracts entered into by Defendants set forth the prevailing rates of wages and supplemental benefits to be paid Plaintiff and the other members of the Class.

108. Those prevailing rates of wages and supplemental benefits were made a part of the Public Works Contracts for the benefit of Plaintiff and the other members of the Class.

109. Defendants breached the Public Works Contracts by willfully failing to pay Plaintiff and the other members of the Class the prevailing rates of wages and supplemental benefits as required by the Public Works Projects.

110. By reason of their breach of the Public Works Contracts, Defendants are liable to Plaintiff and the other members of the Class for an amount of unpaid wages to be determined at trial, plus interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, seek for the following relief:

A. That, at the earliest possible time, Plaintiff be allowed to give notice to the FLSA Collective, or that the Court issue such notice. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C. Unpaid overtime pay and liquidated damages permitted by law pursuant to the NYLL;

D. Unpaid wages under the appropriate prevailing wage rate;

E. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

F. Designation of Plaintiff as representative of the Class, and counsel of record as Class Counsel;

G. Pre-judgment interest and post-judgment interest as provided by law;

H. Appropriate equitable and injunctive relief to remedy violations;

I. Attorneys' fees and costs of the action;

J. Issuance of a declaratory judgment that the practices complained of in this action are unlawful under N.Y. Lab. Law § 190, *et seq.*;

K. Reasonable incentive awards for Plaintiff to compensate him for the time he spent attempting to recover wages for the Class and for the risks they took in doing so; and

L. Such other relief as this Court shall deem just and proper.

Dated: Melville, New York
       May 14, 2018

                                                      Respectfully submitted,

                                                      By: /s/ *Garrett Kaske*
                                                           Garrett Kaske

                                                      **SHULMAN KESSLER LLP**
                                                      Troy L. Kessler
                                                      Garrett Kaske
                                                      534 Broadhollow Road, Suite 275
                                                      Melville, NY 11747
                                                      Telephone: (631) 499-9100

                                                      *Attorneys for Plaintiff and the*
                                                      *Putative FLSA Collective and Class*